IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE HILL, JR.,

                Petitioner,

    v.                                          CASE NO. 24-3111-JWL

HAZEL M. PETERSON,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Lee Hill, Jr. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed. In addition, for the reasons set forth below, Petitioner will be granted time in which to supplement his motion for leave to proceed in forma pauperis with the required current financial information.

### Background

In August 2007, a jury in Wyandotte County, Kansas convicted Petitioner of aggravated criminal sodomy; in November 2007, the state district court sentenced him to 438 months in prison. (Doc. 1, p. 1.) Petitioner pursued a direct appeal and, in August 2009, the Kansas Court of Appeals (KCOA) affirmed his conviction. *Id.* at 2; *see also State v. Hill*, 2009 WL 2762458 (Kan. Ct. App. Aug. 28, 2009) (unpublished) (*Hill I*), *rev. denied* June 24, 2010. The following June, the Kansas Supreme Court (KSC) denied his petition for review. (Doc. 1, p. 2.) Petitioner advises this Court that he did not file a petition for certiorari in the United States Supreme Court. *Id.* at 3.

1

In January 2011, Petitioner filed a motion seeking state habeas corpus relief under K.S.A. 60-1507. *Id.* The state district court denied relief and Petitioner appealed. *Id.*; *see also Hill v. State*, 2013 WL 5870038 (Kan. Ct. App. Oct. 25, 2013) (unpublished) (*Hill II*), *rev. denied* Oct. 31, 2014. The KCOA affirmed the denial in an opinion issued October 25, 2013. *Hill II*, 20136 WL 5870038, at *8. The KSC denied Petitioner's petition for review on October 31, 2014. On December 28, 2020, Petitioner filed a second motion under K.S.A. 60-1507. (Doc. 1, p. 3); *see also Hill v. State*, 2023 WL 2822151 (Kan. Ct. App. Apr. 7, 2023) (unpublished) (*Hill III*), *rev. denied* Mar. 21, 2024. The state district court denied relief and Petitioner appealed, but the KCOA affirmed the denial in April 2023. *See Hill III*, 2023 WL 2822151, at *1. The KSC denied Petitioner's petition for review in March 2024.

On July 2, 2024, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.) At the same time, he filed a motion for leave to proceed in forma pauperis. (Doc. 2.) Local Rule 9.1(g)(2)(A) requires The financial information attached in support of his motion, however, is from November 2020. Therefore, it may not accurately reflect Petitioner's current ability to pay the statutorily required $5.00 filing fee for this habeas action. Petitioner will be granted to and including **August 12, 2024** in which to supplement his motion with current financial information. If Petitioner fails to timely provide the information or move for additional time in which to do so, his motion may be denied without further prior notice to him.

**Standard of Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4,

28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United

States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

In this matter, the KSC denied review of Petitioner's direct appeal on June 24, 2010. Petitioner therefore had until and including September 22, 2010[1] to file a petition for certiorari in the United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on September 23, 2010, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was September 23, 2011. *See Hurst*, 322 F.3d at 1260.

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on January 5, 2011. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

---

[1] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on June 25, 2010 and ran through September 22, 2019.

4

Petitioner's first K.S.A. 60-1507 proceeding became final on October 31, 2014, when the KSC denied his petition for review. Thus, it was pending from January 5, 2011 through October 31, 2014, for a total of 1,396 days. When those days are added to the original one-year anniversary date of September 23, 2011, it gives the new filing deadline for this matter: July 19, 2015. Because July 19, 2015 was a Sunday, Petitioner had until the end of Monday, July 20, 2015 to file his federal habeas petition. *See Longoria v. Falkria v. Falk*, 569 Fed. Appx. 580, 581 (10th Cir. 2014) (unpublished) ("[I]f the last day of the tolling period 'is a . . . Sunday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.'"). Yet Petitioner did not file this federal habeas petition until July 3, 2024. Thus, this petition was not timely filed.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Petitioner has not asserted that equitable tolling is warranted.

Petitioner has, however, utilized the portion of the form petition for addressing timeliness. (Doc. 1, p. 13.) He asserts that he is actually innocent of the charges of he was convicted in state court. *Id.* An exception to the AEDPA statute of limitations exists where a petitioner adequately asserts actual innocence. In federal court, "actual innocence 'serves as a gateway through which a

5

petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

To obtain the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). He has not done so. Even liberally construing the petition, Petitioner does not identify any *new* evidence.

Instead, Petitioner appears to argue that the jury erred in the weight it afforded evidence presented at trial. Petitioner's "claims of [a]ctual [i]nnocence revolve around the fact that TM (the alleged victim) denied that any penetration had occurred each time she was asked." (Doc. 1, p. 13.) He points to several instances in which his victim denied penetration but also acknowledges that during one interview, the victim reported that Petitioner's penis "went 'halfway inside.'" *Id.* at 13; (Doc. 1-1, p. 1.) Petitioner contends that this "was only a figure of speech . . . that caused the confusion in this case." (Doc. 1, p. 13.) In an attached affidavit, Petitioner avers that he never

6

penetrated the victim and thus he is actually innocent of the crime of aggravated criminal sodomy. (Doc. 1-1, p. 1.) The "summary of testimony" he also has attached to his petition reflects that all of the information on which he bases his actual innocence argument was presented at trial, including the testimony about the time the victim had reported penetration and the times she denied it occurred. (Doc. 1-3.) Thus, there is nothing "new" identified to support a finding that Petitioner is entitled to the actual innocence exception to the AEDPA statute of limitations.

In summary, this matter does not appear to have been timely filed and the Court is unpersuaded by Petitioner's actual innocence argument as set forth in the petition. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 screening and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including **August 12, 2024**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. Petitioner is also granted until and including **August 12, 2024** in which to supplement his motion for leave to proceed in forma pauperis (Doc. 2) with current financial information. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 8th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge