**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LEE HILL, JR.,

**Petitioner,**

v.                                                    **CASE NO. 24-3111-JWL**

HAEL M. PETERSON,

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Lee Hill, Jr., who proceeds pro se. It comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding timeliness. The Court has reviewed Petitioner's response and concludes that this matter must be dismissed as time-barred. Accordingly, Petitioner's pending motion for leave to proceed in forma pauperis (Doc. 2) will be denied as moot and Petitioner need not submit the financial information required to support that motion.

As related in the NOSC, a jury in Wyandotte County, Kansas in 2007 convicted Petitioner of aggravated criminal sodomy and he was sentenced to 438 months in prison. Petitioner unsuccessfully pursued a direct appeal, then unsuccessfully pursued state habeas corpus relief under K.S.A. 60-1507. *Id.* at 2; *see also State v. Hill*, 2009 WL 2762458 (Kan. Ct. App. Aug. 28, 2009) (unpublished) (*Hill I*) (direct appeal), *rev. denied* June 24, 2010; *Hill v. State*, 2013 WL 5870038 (Kan. Ct. App. Oct. 25, 2013) (unpublished) (*Hill II*) (first K.S.A. 60-1507), *rev. denied* Oct. 31, 2014; *Hill v. State*, 2023 WL 2822151 (Kan. Ct. App. Apr. 7, 2023) (unpublished) (*Hill III*) (second K.S.A. 60-1507), *rev. denied* Mar. 21, 2024. Petitioner's most recent K.S.A. 60-1507

1

proceeding became final in March 2024.

On July 2, 2024, Petitioner filed in this Court his pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Shortly thereafter, the Court issued an NOSC in which it set forth the applicable law for calculating the deadline to timely file a § 2254 petition, then applied the law to this case, concluding that the time in which Petitioner could timely file his petition expired on or around July 20, 2015. (Doc. 3, p. 3-5.) The NOSC noted, however, that the federal habeas statute of limitations is subject to statutory tolling, equitable tolling, and an exception in cases of absolute innocence. *Id.* at 5-6. The Court was unconvinced by Petitioner's assertion of actual innocence and concluded that based on the information before the Court, it did not appear that the petition was timely filed. *Id.* at 5-7. Thus, the Court directed "Petitioner to show cause in writing why this matter should not be dismissed as time-barred." *Id.* at 7.

Petitioner timely filed his response (Doc. 4), which this Court has liberally construed because Petitioner proceeds pro se. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In the response, Petitioner does not appear to object to the dates as set forth in the NOSC. Rather, he appears to seek equitable tolling. He states:

> [T]he reason my filing was late was that the prison I was housed at was being torn down and reconstructed. I was moved around, eventually to Norton, where I caught COVID and was not able to utilize the Law Library due to the lockdowns. Norton later sent COVID-positive inmates to Lansing for convalescence.

(Doc. 4, p. 1.)

As explained in the NOSC, equitable tolling applies "'in rare and exceptional circumstances' . . . 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" (Doc. 3, p. 5 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).) Petitioner's response to the NOSC does not identify the type of rare

and exceptional circumstances that justify equitable tolling. To the extent that he relies on his contracting COVID and events that resulted from COVID, the Court notes that the one-year federal habeas limitation period expired in July 2015, well before the COVID pandemic. Thus, COVID does not provide a basis for equitable tolling in this matter. In addition, Petitioner's general statements regarding construction at a prison and his transfers between Kansas prisons are not sufficiently specific to demonstrate a basis for equitable tolling. Petitioner provides no dates for the construction and he does not explain how the construction prevented him from filing a timely federal habeas petition.

In short, Petitioner does not allege facts that show he was diligently pursuing his claims during the time in which he could have filed his federal habeas petition nor does he allege facts that show an extraordinary circumstance prevented him from timely filing his federal habeas petition. Even liberally construing the petition and the response to the NOSC, Petitioner has not established that he is entitled to additional statutory tolling, equitable tolling, or the actual innocence exception to the one-year federal habeas statute of limitations. Thus, the Court maintains its prior conclusion that this matter must be dismissed as time-barred.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

3

of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed with prejudice** as time-barred. No certificate of appealability will issue. The pending motion to proceed in forma pauperis (Doc. 2) will be **denied as moot**.

**IT IS SO ORDERED.**

DATED:   This 14th day of August, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge